UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KAREN KILBERT HILLHOUSE, ET AL. | * | CIVIL ACTION NO. 24-1855 |
| | * | |
| VERSUS | * | SECTION: "P"(1) |
| | * | |
| IPFS CORPORATION, ET AL. | * | JUDGE DARREL JAMES PAPILLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

This case arises out of a motor vehicle accident on May 26, 2024, that resulted in serious injuries. The defendant driver was driving while intoxicated at the time. Plaintiffs initiated suit on June 12, 2024, and the matter was removed to this Court on July 25, 2024. On December 13, 2024, the Court denied three of plaintiffs' motions to strike certain affirmative defenses of the defendants. (Rec. Doc. 63). The Court now addresses the remaining Motion to Strike Certain Affirmative Defenses of Defendant Joshua Alexander Smith.

Under Federal Rule of Civil Procedure 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. Proc. 12(f). Motions to strike are considered a "drastic remedy" and are "generally disfavored." Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (5th Cir. 1982); Augustus v. Bd. of Pub. Instruction of Escambia Cty., Fla., 306 F.2d 862, 868 (5th Cir. 1962). Additionally, the moving party must generally make a showing of prejudice before a motion to strike is granted. Henry v. Maxum Indem. Co., No. CV 20-2995-WBV-JVM, 2021 WL 5748877, at *1 (E.D. La. Sept. 28, 2021). When it comes to affirmative defenses, "[a]s long as a defendant has pleaded a defense 'with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced,' then a motion to strike the defense will fail." Sandlin

1

v. Grand Isle Shipyard, Inc., No. CV 17-10083, 2018 WL 2739994, at *1 (E.D. La. Mar. 20, 2018) (quoting Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999)); see Francois v. City of Gretna, No. CV 13-2640, 2015 WL 13048624, at *1 (E.D. La. Apr. 3, 2015) (concluding that the Woodfield "fair notice" standard remains applicable post Twombly and Iqbal).

The Court finds plaintiffs have failed to show the challenged affirmative defenses do not put them on fair notice or cause them any prejudice.[1] Plaintiffs do not claim the defenses are scandalous, redundant, or impertinent. Instead, they essentially challenge the merits of the defenses. But it is premature to do so. The accident at issue had occurred less than four months before the date the defendants were obligated to file their answers. The scheduling order was issued less than a month ago and trial is not set to begin until March 2026. As discovery develops, Mr. Smith should withdraw, or plaintiffs can move to dismiss or strike, those defenses that are not supported by the facts.

IT IS ORDERED that the Motion to Strike (Rec. Doc. 5) is DENIED without prejudice as premature.

New Orleans, Louisiana, this 3rd day of January, 2025.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge

---

[1] As the Court has previously noted, being required to conduct discovery on defendants' defenses is not prejudice. And although plaintiffs take issue with reserving the right to assert additional defenses, the Court finds no prejudice by such reservation at this stage. If Mr. Smith seeks to amend his answer at a later time to add defenses, he will be subject to the scheduling order deadlines and the standards of Rule 15 and Rule 16, which will adequately protect the plaintiffs from any prejudice that might result from a late asserted defense.